**Hon. Philip H. Brandt**
Chapter 11
Hearing Date: June 3, 2010
Hearing Time: 10:30 a.m.
Hearing Location: Seattle
Response Due: May 27, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>DON CATON,<br><br>Debtor.<br><br>JUDY A. CATON, as assignee of<br><br>RECONVEYANCE SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DON CATON,<br><br>Defendant. | Chapter 11<br><br>**Bankruptcy No. 09-21609-PHB**<br><br><br><br>**Adversary No. 10-01077 PHB**<br><br>**PLAINTIFF CATON'S RESPONSE IN OPPOSITION TO DEBTOR-DEFENDANT'S MOTION TO DISQUALIFY THE LAW OFFICES OF CHRISTOPHER A. BENSON AS COUNSEL FOR PLAINTIFF JUDY A. CATON** |

COMES NOW, Plaintiff Judy A. Caton, by and through her attorney, Christopher A. Benson of the Law Offices of Christopher A. Benson, PLLC, and move this Court for an Order Denying Debtor-Defendant's Motion to Disqualify the Law Offices of Christopher A. Benson as Counsel for Plaintiff Judy A. Caton.

PLAINTIFF CATON'S RESPONSE IN OPPOSITION
TO MOTION TO DISQUALIFY - 1

Law Offices of Christopher A. Benson, PLLC
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940

# I. INTRODUCTION AND RELIEF REQUESTED

This case is about the determination of dischargeability of debt. The debt is owed by the Debtor-Defendant, Don Caton ("Defendant"). The debt is owed to the Plaintiff, Judy A. Caton. These facts were established when a Confession of Judgment signed by the Defendant was entered in the King County Superior Court on September 7, 2009, under King County Superior Court Cause No. 09-2-31424-1 SEA. A true and accurate copy of the Confession of Judgment is attached hereto and incorporated herein as Exhibit 1. The Confession of Judgment was entered in favor of Reconveyance Services, Inc. ("RSI") and against the Defendant. Ex. 1.

Two copies of the entered Confession of Judgment were sent via U.S. mail to the attorney of record for the Defendant named in the Confession of Judgment on September 11, 2009. A true and accurate copy of the letter to attorney Carlson is attached hereto and incorporated herein as Exhibit 2. Subsequently, the Judgment was assigned to the Plaintiff by a properly executed and filed Assignment of Judgment that was filed with the court on September 28, 2009. A true and accurate copy of the Assignment of Judgment is attached hereto and incorporated herein as Exhibit 3.

Although notice that the Confession of Judgment had been entered against the Defendant was delivered to his attorney of record, the Defendant took no action to dispute the validity of the Confession of Judgment at the time of the notice or at any time prior to filing for bankruptcy. Based on the Defendant's Answer in this matter and the present Motion before the Bankruptcy Court, it seems that the Defendant is focused primarily on challenging the Assignment of Judgment. While the Defendant may not approve of RSI's assignment of the Confession of Judgment to Judy A. Caton, RSI was not required to obtain the judgment debtor's consent prior to assigning the Confession of Judgment to the Plaintiff, Judy A. Caton.

PLAINTIFF CATON'S RESPONSE IN OPPOSITION
TO MOTION TO DISQUALIFY - 2

Law Offices of Christopher A. Benson, PLLC
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940

Case 10-01077-TWD    Doc 23    Filed 05/26/10    Ent. 05/26/10 09:48:59    Pg. 2 of 10

When the Plaintiff initiated a garnishment against the Defendant's wages, he filed for bankruptcy. Accordingly, the Plaintiff filed her Complaint to Determine the Dischargeability of Debt.

The Bankruptcy Court is not the proper place to raise Washington State law defenses to the determination of the dischargeability of a valid claim against the Defendant's bankruptcy estate. *See Banks v. Gill*, 263 F.3d 862, 868 (9th Cir. 2001), *infra*. The only question before the court is whether the actions of the Defendant were such that the claim against the bankruptcy estate is non-dischargeable pursuant to 11 U.S.C. §523(a)(4), i.e., whether the Defendant committed fraud or defalcation in a fiduciary capacity, embezzlement or larceny.

The Defendant's allegations herein made to shift the focus away from the determination of the dischargeability of his debt to the circumstances surrounding the assignment of the claim against his bankruptcy estate are not relevant to the ultimate determination of dischargeability.

Accordingly, Christopher A. Benson is not a necessary witness to the dischargeability proceeding, the Law Offices of Christopher A. Benson should not be disqualified as counsel for Judy A. Caton, and the Debtor-Defendant's motion should be denied.

## II. PERTINENT FACTS

2.1     Debtor began his employment with RSI in August 2000 and was terminated on April 2, 2004, for cause.

2.2     At all relevant times, debtor was an at-will employee of RSI.

2.3     At the time of hiring through his termination, debtor had day-to-day control over and responsibility for RSI's internal accounting system, management of its accounting functions, and had the authority to conduct banking activity on behalf of RSI.

PLAINTIFF CATON'S RESPONSE IN OPPOSITION
TO MOTION TO DISQUALIFY - 3

Law Offices of Christopher A. Benson, PLLC
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940

## Discovery of Debtor's Theft, Embezzlement and Breach of Fiduciary Duty

2.1     From the time of his hiring, debtor functioned as RSI's *de facto* Chief Financial Officer ("CFO"). RSI's sole shareholder and Director Judy A. Caton entrusted the debtor with day-to-day operation of RSI's financial affairs and debtor was considered a trusted member of senior management.

2.2     Following Defendant's termination for cause on April 2, 2004, Judy A. Caton assumed day-to-day control over RSI's financial affairs and noted that several $100,000.00 deposits made into RSI bank accounts were not reflected in RSI's internal accounting system. In her investigation of these deposits, Judy A. Caton discovered a series of thirty-eight (38) RSI checks that had been prepared then listed as "void" in RSI's internal accounting system. In each instance, the check was written in the amount of $25,000.00, except the first one which was written in the amount of $16,830.00. When Judy A. Caton obtained copies of these checks, she discovered that each of them had been made payable to "Donald Caton," and had been deposited into one of the Defendants's Wells Fargo Bank accounts, but recorded in RSI's internal accounting system as a "void" payment to an actual RSI vendor.

2.3     Upon discovery of these transactions, RSI began an internal investigation to determine the scope of debtor's misconduct and breach of his duties to the company, the nature and extent of the losses suffered, and any other injuries the corporation may have incurred or would incur.

2.4     Prior to the adjudication of RSI's claims, RSI and debtor entered into a Settlement and Confidentiality Agreement (the "Agreement") wherein Debtor agreed to the execution of a Confession of Judgment and promissory note in favor of RSI and RSI agreed to the execution of a Stipulated Order of Dismissal with Prejudice. A true and

PLAINTIFF CATON'S RESPONSE IN OPPOSITION         Law Offices of Christopher A. Benson, PLLC
TO MOTION TO DISQUALIFY - 4                                       1814 South 324th Place, Ste. B
                                                                              Federal Way, WA 98003
                                                                                  (253) 815-6940

Case 10-01077-TWD    Doc 23    Filed 05/26/10    Ent. 05/26/10 09:48:59    Pg. 4 of 10

accurate copy of the Settlement and Confidentiality Agreement is attached hereto and incorporated herein as Exhibit 4.

2.5 In the event that Don Caton breached the Agreement (e.g., by failing to pay according to the terms of the Promissory Note), the Agreement permitted Reconveyance Services, Inc. to enter the Confession of Judgment executed by Don Caton and to reveal the information necessary to prove its underlying claims. *Id.* When Don Caton ceased making payments under the Promissory Note, RSI entered the Confession of Judgment against Don Caton under King County Superior Court Cause No. 09-2-31424-1 SEA. Ex. 1.

2.6 RSI subsequently executed an Assignment of Judgment in favor of the Plaintiff, Judy Caton. Ex. 3.

2.7 On November 4, 2009, Defendant petitioned for relief from the above-entitled court pursuant to Chapter 13 of the Bankruptcy Code. Subsequently, debtor's bankruptcy was converted to a Chapter 11 bankruptcy due to the fact that his aggregate debt exceeded the amounts permitted under Chapter 13.

2.8 On May 12, 2010, the Plaintiff received the Defendant's Answers to Plaintiff's First Set of Requests for Admissions. A true and accurate copy of the Defendant's Answers to Plaintiff's First Set of Requests for Admissions is attached hereto and incorporated herein as Exhibit 5.

2.9 In Defendant's Answers to Plaintiff's First Set of Requests for Admissions he admits to preparing checks in his name and then recording them in RSI's internal accounting system as voided payments to RSI's vendors. Ex. 5.

2.10 Defendant further admits to depositing those checks into his own bank account. Ex. 5.

PLAINTIFF CATON'S RESPONSE IN OPPOSITION
TO MOTION TO DISQUALIFY - 5

Law Offices of Christopher A. Benson, PLLC
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940

Case 10-01077-TWD    Doc 23    Filed 05/26/10    Ent. 05/26/10 09:48:59    Pg. 5 of 10

2.11   Christopher A. Benson was one of the vendors that the Defendant entered voided payments into the RSI internal accounting system for; however, in reality, the Defendant issued the checks he entered into RSI's internal accounting system as checks to Christopher A. Benson to himself. Ex. 5.

2.12   Christopher A. Benson and the Law Offices of Christopher A. Benson have performed work for RSI and Judy Caton in various capacities for over ten years. Judy Caton as RSI's sole-shareholder and as an individual was advised of the possible conflict of interest between RSI and herself personally and has previously waived the same. Christopher A. Benson has never represented the Defendant in the Defendant's capacity as an employee of RSI or personally.

### III. ISSUES PRESENTED

3.1   Whether the Bankruptcy Court should deny the Debtor-Defendant's Motion to Disqualify the Law Offices of Christopher A. Benson as Counsel for Judy A Caton when a valid and binding judgment has been entered and assigned establishing Judy A. Caton's claim against the Debtor-Defendant's bankruptcy estate.

3.2   Whether the Bankruptcy Court should deny the Debtor-Defendant's Motion to Disqualify the Law Offices of Christopher A. Benson as Counsel for Judy A Caton when the only claim that is presently before the Bankruptcy Court for adjudication is the dischargeability of the Plaintiff's claim under 11 U.S.C. §523(a)(4).

### IV. ARGUMENT AND AUTHORITY

**A. Introduction**

Debtor-Defendant's Motion fails to recognize the critical distinction between a "claim" for the purposes of a trial on the merits and a "claim" for the purposes of determining dischargeability of debt. While a plaintiff must have a "claim" requiring a determination of dischargeability in order to bring an action in the Bankruptcy Court to determine the dischargeability of debt, what the Bankruptcy Code's defines as a "claim" and what the Defendant asserts as the "claim" he needs to defend against are two completely different

PLAINTIFF CATON'S RESPONSE IN OPPOSITION   Law Offices of Christopher A. Benson, PLLC
TO MOTION TO DISQUALIFY - 6                1814 South 324th Place, Ste. B
                                           Federal Way, WA 98003
                                           (253) 815-6940

Case 10-01077-TWD   Doc 23   Filed 05/26/10   Ent. 05/26/10 09:48:59   Pg. 6 of 10

claims. As discussed more fully below, the Bankruptcy Code defines the term "debt" to mean "liability on a claim." 11 U.S.C.§101(12), and "claim" is defined as a "right to payment, whether or not such right is reduced to judgment...." 11 U.S.C. §101(5).

In the case at bar, Plaintiff Judy A. Caton has a claim against the Defendant's bankruptcy estate that arises out of a claim that was adjudicated by virtue of the Defendant's state court Confession of Judgment; however, the two claims are quite different. *See Banks v. Gill*, 263 F.3d 862, 868 (9th Cir. 2001).

Moreover, as the Defendant has already admitted that the checks he entered into RSI's internal accounting system as voided payments to Christopher Benson and other RSI vendors were actually checks that the Defendant wrote to himself, there is no need for Christopher Benson or any other vendor to testify regarding payments he did not receive.

**B. The Debtor-Defendant's Motion Should be Denied because the Issues before the Bankruptcy Court in this Dischargeability Proceeding do not Require the Testimony of Christopher A. Benson.**

The determination of dischargeability of debts asserted against a debtor's bankruptcy estate is within the exclusive jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. §157(b)(2)(I). The determination of the dischargeability of debt is a determination separate from an adjudication of a claim on its merits.

This point is well illustrated by the Ninth Circuit Court of Appeals in *Banks v. Gill*, which held that:

> [T]here are two distinct issues to consider in the dischargeability analysis: first, the establishment of the debt itself...; and, second, **a determination as to the nature of that debt, an issue within the exclusive jurisdiction of the bankruptcy court**....
>
> *Banks v. Gill*, 263 F.3d 862, 868 (9th Cir. 2001)(citing *Resolution Trust Corp. v. McKendry (In re McKendry)*, 40 F.3d 331, 337 (10th Cir. 1994).

PLAINTIFF CATON'S RESPONSE IN OPPOSITION
TO MOTION TO DISQUALIFY - 7

Law Offices of Christopher A. Benson, PLLC
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940

Case 10-01077-TWD    Doc 23    Filed 05/26/10    Ent. 05/26/10 09:48:59    Pg. 7 of 10

In *Banks*, the Court of Appeals dealt with two issues: first, whether a state law statute of limitations that ran pre-petition barred a claim against a debtor's bankruptcy estate for dischargeability purposes; and second, whether the Bankruptcy Court erred in finding that it id not. *Id.*

The Bankruptcy Court held that:

> [A] claim upon which the state statute of limitations had run-prepetition has been 'established' pre-petition 'if the creditor has taken a timely affirmative act which is necessary to the creditor's ability to collect the debt in a manner provided for by law.

*Gill Distribution Ctrs., Inc. v. Banks (In re Banks)*, 225 B.R. 738, 745 (Bankr. C.D. Cal. 1998).

In so holding, the Bankruptcy Court reasoned that "it would be arbitrary at best to hold that a debt can only be established if the plaintiff obtained a judgment from the state court prior to the filing of the bankruptcy case." *Id.*

In its decision affirming the Bankruptcy Court's holding that the Bankruptcy Court properly ignored the state statute of limitations in its entirety for the purposes of determining the dischargeability of debt, the Court in *Banks* points to the Bankruptcy Court's decision in *Spinnenweber v. Moran* as disposing of the debtor's assertion that the bankruptcy court should have applied the state statute of limitations. *Banks*, 263 F.3d at 868. In *Spinnenweber*, the Bankruptcy Court held:

> [T]here is no requirement that the allegations of a complaint filed in state court prior to the debtor filing a petition in bankruptcy correspond to the elements of the grounds contained in §§523(a) of the Bankruptcy Code. Otherwise, plaintiffs in state court would be required to anticipate the bankruptcy of every defendant and litigate every conceivable issue under §§523(a) in the event a defendant should subsequently file bankruptcy. Such needless litigation is not required by the Bankruptcy Code.

*In Spinnenweber v. Moran*, 152 B.R. 493, 496 (Bankr. S.D. Ohio 1993).

PLAINTIFF CATON'S RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY - 8

Law Offices of Christopher A. Benson, PLLC
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940

Case 10-01077-TWD    Doc 23    Filed 05/26/10    Ent. 05/26/10 09:48:59    Pg. 8 of 10

Similarly, in the case at bar, there are two separate determinations for the court to make in its dischargeability analysis: first, the Bankruptcy Court must determine that the Plaintiff has a claim against the Defendant's bankruptcy estate for dischargeability purposes; and second, the Bankruptcy Court must determine if the Plaintiff's claim is dischargeable.

In the first instance, the Plaintiff has already established that she has a claim against the Defendant's bankruptcy estate because judgment has been entered against the Defendant and assigned to the Plaintiff in state court, prior to the Defendant filing for bankruptcy. Thus the Plaintiff has performed the timely affirmative act that is necessary to the creditor's ability to collect the debt in a manner provided for by law.

The only determination left for the Bankruptcy Court to make is whether or not the Plaintiff's 11 U.S.C. §523(a)(4) are dischargeable. That determination is entirely separate and distinct from a prior liquidation, estimation, or other adjudication of the underlying state court claim that gave rise to the claim against the Defendant's bankruptcy estate. Accordingly, the only affirmative defenses relevant to the present litigation are those that relate directly to whether the Defendant committed fraud or defalcation in a fiduciary capacity, embezzlement, or larceny.

**C. The Debtor-Defendant's Motion Should be Denied because the Issues before the Bankruptcy Court in this Dischargeability Proceeding do not Result in a Conflict of Interest.**

Under the Washington RPCs, an attorney may not represent opposing parties in litigation, nor may an attorney represent more than one party if the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, a third party, or by the personal interest of the lawyer. RPC 1.7.

PLAINTIFF CATON'S RESPONSE IN OPPOSITION
TO MOTION TO DISQUALIFY - 9

Law Offices of Christopher A. Benson, PLLC
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940

In the present litigation, an impermissible conflict is not implicated by Christopher A. Benson's current representation of Judy A. Caton herein, his previous representation of Judy A. Caton in a personal capacity, or his previous representations or dealings with RSI, in whatever form. The present litigation is between Plaintiff Judy A. Caton and Defendant Don Caton, in their individual capacities. While the facts necessary to determine the dischargeability of Plaintiff's claims against Defendant necessarily require discussion of RSI, its business, the Defendant's position with the company, the acts of the Defendant while employed by the company, etc., RSI is not a party to this action, so no conflict arises.

The Defendant has attempted to expand the scope of what is to be decided by the Bankruptcy Court to include determinations of whether a non-party, RSI, attempted to defraud its creditors (also non-parties), when it assigned its judgment against the Defendant to the Plaintiff.

## V. CONCLUSION

For the foregoing reasons and based on the authority cited above, the Bankruptcy Court should DENY Debtor-Defendant's Motion to Disqualify the Law Offices of Christopher A. Benson as Counsel for Judy A Caton in the form of the proposed Order that accompanies this Motion.

Dated this 25th day of May, 2010.

*s/Christopher A. Benson*
*cbenson@cbenson.com*

Christopher A. Benson, WSBA #21296
Counsel for Plaintiff Judy A. Caton

PLAINTIFF CATON'S RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY - 10

Law Offices of Christopher A. Benson, PLLC
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940

Case 10-01077-TWD    Doc 23    Filed 05/26/10    Ent. 05/26/10 09:48:59    Pg. 10 of 10