The Honorable Timothy W. Dore
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>DON CATON,<br><br>Debtor.<br><br>―――――――――――――<br><br>JUDY A. CATON, as assignee of RECONVEYANCE SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DON CATON,<br><br>Defendant. | Case No. 09-21609<br><br>Adversary Case No. 10-01077-TWD<br><br>CHAPTER 11<br><br>DEFENDANT'S PRETRIAL BRIEF |

COMES NOW the defendant, Don Caton, by and through his attorney of record, Elizabeth A. Cooper of Lybeck Murphy, LLP, and hereby submits the following pretrial brief pursuant to Local Bankr. Rule 7016-1 and Local Rules W.D. Wash. CR 16:

DEFENDANT'S PRETRIAL BRIEF - 1

Lybeck☉Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 1 of 13

## I. INTRODUCTION

Plaintiff cannot sustain her burden of proof on her baseless claims of embezzlement or larceny. In fact, plaintiff was aware of and specifically authorized defendant to receive certain funds as monetary compensation. She also instructed him specifically on the method for paying himself such compensation.

Plaintiff now claims the same funds were embezzled. Defendant has never admitted any wrongdoing in receiving these funds in the manner plaintiff permitted. The evidence at trial will also demonstrate that plaintiff had a practice of drawing significant compensation from similar sources of funds. Only after a management dispute erupted and plaintiff discharged defendant for reasons unrelated to plaintiff's accusations of embezzlement did her allegations first surface. Plaintiff intends to rely on the existence of a prior settlement agreement and confessed judgment to prove these claims, but the terms of the settlement itself and applicable law do not permit such reliance. In receiving his compensation in the manner authorized, prescribed and practiced by plaintiff, defendant could not and did not defraud plaintiff or her company.

## II. FACTS

Defendant Don Caton was employed by Reconveyance Services, Inc. (RSI) as a bookkeeper with the title of Chief Financial Officer from August 2000 to April 2004.

Plaintiff Judy Caton was the President and sole owner of RSI and she was intimately familiar with RSI's financial status and the accounting practices it employed.

In approximately April of 2001, RSI's business was thriving and making what appeared to be a substantial profit. At this time, plaintiff told defendant that he could start paying himself additional compensation in various amounts, typically $25,000.00 per check. She

DEFENDANT'S PRETRIAL BRIEF - 2

Lybeck☆Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 2 of 13

explained to defendant how this additional compensation should be documented in RSI's Quickbooks accounting system.

Plaintiff instructed defendant to write checks to himself, then to record the checks in the Quickbooks records as voided payments to various vendors of RSI. Plaintiff told defendant that this accounting method was required in connection with payment of this additional compensation for her accounting/tax purposes.

At plaintiff's express direction and with her authority, defendant wrote himself checks and documented each of the checks in the RSI Quickbooks system as plaintiff had instructed him.

Based on what he was told by plaintiff, defendant understood that the checks he wrote were for payment to which he was entitled. Defendant never wrote checks to himself for any amount that was not first authorized by plaintiff.

During this same time, plaintiff herself took substantial draws from the company, typically without regard to the company's actual financial status. Before and after defendant left RSI in April 2004, plaintiff had a practice of taking her compensation from accounts that were co-mingled with client funds and unearned fees. The amounts plaintiff received as draws therefore included money that did not belong to RSI. Several former RSI employees will testify to plaintiff's practice of drawing significant, additional compensation from these unearned, co-mingled amounts.

In fact, defendant stopped taking his authorized draws after recognizing the impact that his and plaintiff's continued compensation was having on the financial status of the company. Defendant warned plaintiff that their draws were causing or could cause financial instability for

DEFENDANT'S PRETRIAL BRIEF - 3

Lybeck☯Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 3 of 13

the company. Plaintiff continued to authorize draws for defendant, which he did not take. She also continued to take significant compensation draws for herself.

Defendant was terminated for reasons entirely unrelated to any accusations of embezzlement. In addition to his concerns about the financial integrity of the company, defendant had begun to have disagreements with plaintiff regarding her ability to manage RSI and its employees. Plaintiff was frequently absent from RSI's offices, and defendant was increasingly concerned that plaintiff was treating key employees improperly. Ultimately, defendant expressed his concerns in a very strongly worded email in which he also suggested that plaintiff should cede control of the company to him. Plaintiff responded to this by immediately terminating plaintiff for "insubordination."

Just a few weeks later plaintiff (in the name of RSI) filed a lawsuit in the King County Superior Court against defendant alleging numerous claims based on entirely novel accusations of embezzlement. Plaintiff also threatened to pursue criminal charges. Plaintiff's claims were never adjudicated and, instead, on the advice of his attorney and under the threat of plaintiff making criminal accusations, defendant entered a settlement agreement in 2004 that included a provision for confession of judgment pursuant to terms defined in the agreement. The settlement agreement specifically provided that defendant was not admitting liability for any of plaintiff's or RSI's claims:

> …by executing this Agreement, **no party is admitting the truth of any allegations made by the other** and *the parties agree that they are not resolving or determining any issues of fact related to the disputes, claims, controversies and causes of action settled hereby*. The Parties recognize and agree that this Agreement is signed for settlement purposes only to avoid the risks, uncertainty and expense of litigation and that *this Agreement is not to be construed as an admission of wrong doing or liability or the resolution of any issue of fact or law, by either of them*.

DEFENDANT'S PRETRIAL BRIEF - 4

Lybeck☞Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 4 of 13

Dkt. 36-6, ¶6 (emphasis added).

Under the terms of the agreement, defendant was to pay RSI an agreed sum plus interest pursuant to the terms of a separate promissory note. *Id.*, ¶2. The agreement also provided for a confession of judgment that was simultaneously executed by defendant, and it authorized RSI to file the confession of judgment with the King County Superior Court in the event defendant failed to pay his obligations under the note. *Id.*, ¶3. Years later, when defendant could not afford to continue making payments due under the note, RSI had the confession of judgment entered in 2009 on an *ex parte* basis. Notice of presentation of the judgment had been waived by defendant when he executed the confession in 2004. Dkt. 36-1, at 8.

Defendant has never admitted to fraud, embezzlement, larceny or any of the other malfeasance plaintiff has accused him of in connection with this adversary proceeding, or with the prior state court lawsuit filed against him by RSI.

## III. LEGAL DISCUSSION

### A. Exceptions to Discharge are Narrowly Construed and Plaintiff Bears Burden of Proof on Every Element of Claims.

Plaintiff has alleged that the debt in question is non-dischargeable because defendant committed embezzlement and larceny under 11 U.S.C. § 523(a)(4). Embezzlement requires proof of three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud." *In re Littleton*, 942 F. 2d 551, 555 (9th Cir. 1991). Whether the debtor intended to defraud the owner of property is an issue of fact. *Id.*, 942 F.2d at 556.

Under definitions derived from either federal or state law, a claim of larceny under § 523(a)(4) requires proof that the defendant took another's personal property with intent to convert

DEFENDANT'S PRETRIAL BRIEF - 5

Lybeck☉Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 5 of 13

it or deprive the owner of it. *In re Ormsby*, 591 F. 3d 1199, 1205 (9th Cir. 2010); RCW 9A.56.020 (definition of theft); RCW 9A.56.100 (theft and larceny equated).

In adversary proceedings, the burden is on the creditor to establish each element of an exception to dischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). "Exceptions to discharge are narrowly construed ... and the claimant must show that its claim comes squarely within an exception enumerated in Bankruptcy Code § 523(a)." *Century 21 Balfour Real Estate v. Menna*, 16 F.3d 7, 9 (1st Cir. 1994).

Moreover, the Ninth Circuit has held that, in determining intent to defraud, it is inappropriate for the bankruptcy court to rely on purely circumstantial evidence instead of direct proof of such an intent. *See In re Anastas*, 94 F.3d 1280 (9th Cir. 1996)(reversing trial court for excessive focus on debtor's financial condition as evidence of debtor's intent not to repay debt for purposes of § 523(a)(2)(A) fraud claim). As defendant here will explain at trial, his decision to enter into the settlement was motivated by external financial circumstances and other considerations having nothing to do with any admitted intent to defraud plaintiff. His default on payment giving rise to the confessed judgment also arose from separate financial circumstances that provide no basis to conclude that he had embezzled.

Here, because plaintiff expressly authorized defendant to receive the subject funds, defendant had no intent to defraud or deprive plaintiff of funds. Rather, he issued himself authorized, additional compensation. Based on the evidence, plaintiff cannot prove either of her claims at trial.

**B.  If Plaintiff and Defendant are Equally Credible, Plaintiff's Claims Fail.**

Under the applicable preponderance of the evidence standard for which plaintiff bears the

DEFENDANT'S PRETRIAL BRIEF - 6

Lybeck☙Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 6 of 13

burden of proof, in the event the court finds defendant more credible than plaintiff, or even if the two parties are equally credible on the issues in dispute, plaintiff's claims must fail. Especially since plaintiff may not rely on the settlement agreement for purposes of proving embezzlement or larceny (discussed *infra*), this proceeding will depend heavily on the direct testimony of the two parties. With the parties' diametrically opposed accounts of the disposition of the funds and debt at issue, the court will be left to resolve significant issues of credibility. In addition, the court will hear testimony from family members of the parties, as well as co-workers.

Preponderance of the evidence means evidence that is more probably true than not true. *Presnell v. Safeway Stores, Inc.*, 60 Wn.2d 671, 374 P.2d 939 (1962). "[E]vidence preponderates when it is more convincing to the trier than the opposing evidence." *AC Aukerman Co. v. RL Chaides Const. Co.*, 960 F.2d 1020, 1045 (Fed. Cir. 1992)(*citing* McCormick on Evidence, at 793 (2d ed.1972)).

It is anticipated that plaintiff's primary evidence will be her own testimony stating now that she did not authorize defendant to receive these funds. That claim is not true and was first asserted after defendant, rather publicly, attempted to stop plaintiff from continuing to draw excessive funds from her business and putting her business in financial jeopardy. The evidence at trial will show that plaintiff expressly authorized defendant to draw this additional compensation. The evidence further will show that plaintiff's claimed "discovery" of allegedly missing funds was not at all a surprise since plaintiff was aware and had authorized defendant's receipt of the funds at issue.

Evidence from third parties will also favor defendant's account of the events and further undermine plaintiff's credibility. This includes testimony from other RSI employees about plaintiff's knowledge of RSI's accounting and financial operations, and her exploitation of the

DEFENDANT'S PRETRIAL BRIEF - 7

Lybeck▲Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 7 of 13

same systems for paying herself compensation. This testimony makes it even more improbable that she could have "discovered" the alleged embezzlement in the manner she now claims. Plaintiff's family is aware of only one possible motive for her continued pursuit of the baseless allegations against defendant. They are very troubled by what appears to them to be a set-up orchestrated by plaintiff against her brother.

Defendant anticipates that the totality of the evidence and reasonable inferences from that evidence will clearly show that plaintiff's claims are incredible, and are fundamentally motivated by plaintiff's animus toward defendant arising from their business relationship, as well as long-standing disputes among and between plaintiff and other members of her family. However, under the applicable standard of proof, defendant must prevail even if the parties are equally believable and the court is unable to resolve the credibility issues in favor of either party.

**C. Settlement and Confession of Judgment do Not Prove Embezzlement or Larceny.**

It is anticipated that plaintiff will attempt to rely on a settlement agreement, confessed judgment or related documents as specific proof of her claims of embezzlement and/or larceny in this matter. Plaintiff cannot be allowed to use the settlement documents at trial in a manner directly contrary to the bargained-for terms of the settlement itself, which expressly provide that defendant *did not* admit to the wrongdoing which plaintiff now accuses him of.

1. <u>Defendant Specifically Denied Embezzlement in the Settlement Agreement.</u>

As noted above, plaintiff (in the name of her former company, RSI) previously filed a lawsuit in the King County Superior Court against defendant including claims substantially similar to her current claims. These prior claims were never adjudicated and, instead, defendant entered a settlement agreement. The settlement agreement specifically provided that defendant

DEFENDANT'S PRETRIAL BRIEF - 8

Lybeck☞Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 8 of 13

was not admitting liability for any of plaintiff's or RSI's claims:

> …by executing this Agreement, **no party is admitting the truth of any allegations made by the other** and *the parties agree that they are not resolving or determining any issues of fact related to the disputes, claims, controversies and causes of action settled hereby*. The Parties recognize and agree that this Agreement is signed for settlement purposes only to avoid the risks, uncertainty and expense of litigation and that *this Agreement is not to be construed as an admission of wrong doing or liability or the resolution of any issue of fact or law, by either of them*.

Dkt. 36-6, ¶6 (emphasis added).

Under the terms of the agreement, defendant was to pay RSI an agreed sum plus interest pursuant to the terms of a separate promissory note. *Id.*, ¶2. The agreement also provided for a confession of judgment that was simultaneously executed by defendant, and it authorized RSI to file the confession of judgment with the King County Superior Court in the event defendant failed to pay his obligations under the note. *Id.*, ¶3. Years later, when defendant could not afford to continue making payments due under the note, RSI had the confession of judgment entered in 2009. Notice of presentation of the judgment had been waived by defendant when he executed the confession in 2004. Dkt. 36-1, at 8.

As is indicated in the joint pre-trial order (Dkt. 66), plaintiff intends to rely on the judgment and underlying settlement at trial to prove that defendant committed embezzlement and fraud. She previously attempted to rely on these same documents to support a summary judgment finding in this case. In that circumstance, Judge Steiner appropriately rejected that attempt determining that these documents are insufficient to support plaintiff's claims as a matter of law. *See* Dkt. 53. The conclusion at trial should be the same.

    2.    <u>Prior Litigation Has No Preclusive Effect</u>

Under § 523, the bankruptcy court has exclusive jurisdiction to determine dischargeability

DEFENDANT'S PRETRIAL BRIEF - 9

Lybeck☞Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 9 of 13

of debt. *In re Daley*, 776 F.2d 834, 839 (9th Cir. 1985), *cert. denied*, 476 U.S.1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the U.S. Supreme Court held that a bankruptcy court is not barred by *res judicata* from determining, independent of a state court judgment against the debtor, the nature of a debt to determine its dischargeability. Also, to foreclose re-litigation in bankruptcy of an issue under collateral estoppel arising from a prior action, four elements must be met: (1) The issue sought to be precluded must be the same as that involved in the prior action; (2) The issue must have been actually litigated; (3) It must have been determined by a valid and final judgment; and (4) The determination must have been essential to the final judgment. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

> The party seeking to assert collateral estoppel has the burden of proving all the requisites for its application. To sustain this burden, a party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. Any reasonable doubt as to what was decided by a prior judgment should be resolved against giving it collateral estoppel effect.

*In re Berr*, 172 BR 299 (BAP 9th Cir. 1994)(internal citations omitted).

Plaintiff's claims in this adversary proceeding are virtually identical to several of RSI's claims in state court. In his answer to both complaints, defendant pled numerous affirmative defenses relating to plaintiff's own fraudulent behavior towards RSI and/or its creditors. None of these claims or defenses was actually litigated. On the advice of counsel and in the face of pending threats of potential criminal charges to be pursued by Plaintiff, Defendant executed the settlement agreement. Dkt. 36-6. Defendant had no ability to contest the judgment or "raise" any factual issues when RSI entered his previously executed confession of judgment.

The entry of the confessed judgment pursuant to the terms of the settlement was not a final judgment on plaintiff's claims for embezzlement or fraud and it does not have preclusive effect

DEFENDANT'S PRETRIAL BRIEF - 10

Lybeck☉Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 10 of 13

here. There was never any actual litigation or determination of these claims or any substantially identical claims. By their own terms, the agreement and the confession of judgment provide no basis to conclude that defendant committed embezzlement or larceny, which the court previously decided on summary judgment. *See* Dkt. 53.

## IV. WITNESS AND EVIDENTIARY ISSUES

The anticipated evidentiary issues that may arise at trial have already been addressed in Defendant's motions in limine and objections to plaintiffs' witnesses and exhibits.

## V. CONCLUSION

Plaintiff cannot sustain her burden of proof on her baseless claims of embezzlement or larceny. The testimony of the parties will show that the most credible version of events is that plaintiff was aware of and specifically authorized defendant to receive funds as monetary compensation. The testimony of the parties' co-workers will show that plaintiff herself had a practice of paying herself from similar sources of funds in a similar manner. The testimony of the parties' family members will support defendant's position and will reveal that plaintiff's claims arise from an acrimonious business relationship and sibling rivalry. In receiving his compensation in the manner prescribed and practiced by plaintiff, defendant could not and did not defraud plaintiff or RSI.

Respectfully submitted this _2nd_ day of May, 2011.

LYBECK MURPHY, LLP

By: __/s/ Elizabeth A. Cooper_____
Elizabeth A. Cooper (WSBA #25065)
Attorney for defendant Don Caton
Lybeck Murphy, LLP
Fifth Floor
Chase Bank Building
7900 SE 28th Street, Mercer Island, WA 98040-2334

DEFENDANT'S PRETRIAL BRIEF - 11

Lybeck❆Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 11 of 13

| | |
|---|---|
| 1 | 206-230-4255 /phone; 206-230-7791 /fax |
| 2 | eac@lybeckmurphy.com /email |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

DEFENDANT'S PRETRIAL BRIEF - 12

Lybeck☙Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 12 of 13

**PROOF OF SERVICE**

I, Elizabeth A. Cooper, under penalty of perjury, declare that on the date indicated below, I caused a copy of Defendant's Pretrial Brief to be served on the party listed below:

<u>Via Electronic Mail on May 2, 2011:</u>
Christopher A. Benson and Mathew S. LaCroix on behalf of Plaintiff Judy Caton
cbenson@cbenson.com; Mathew@cbenson.com; bankruptcy@cbenson.com

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING STATEMENT IS BOTH TRUE AND CORRECT.

Respectfully submitted this _2nd_ day of May, 2011.

LYBECK MURPHY, LLP

By: __/s/ *Elizabeth A. Cooper*_____
Elizabeth A. Cooper (WSBA #25065)
Attorney for defendant Don Caton
Lybeck Murphy, LLP
Fifth Floor
Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-2334
206-230-4255 /phone; 206-230-7791 /fax
eac@lybeckmurphy.com /email

DEFENDANT'S PRETRIAL BRIEF - 13

Lybeck☉Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

Case 10-01077-TWD    Doc 77    Filed 05/02/11    Entered 05/02/11 16:10:15    Page 13 of 13